IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



THE ESTATE OF JAMES MOFFETT;
TAMMY MOFFETT, INDIVIDUALLY AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF JAMES MOFFETT                                              PLAINTIFFS

VERSUS                                                   CIVIL ACTION NO. 1:03cv532WJG-JMR

SMITHKLINE BEECHAM CORPORATION
D/B/A GLAXO SMITHKLINE
CORPORATION AND JOHN DOES 1-50                                              DEFENDANTS

## MEMORANDUM OPINION

This cause is before the Court on the motion for summary judgment [74-1] and motion to stay the deadline for expert designation [74-2] filed by the Defendant, SmithKline Beecham Corporation d/b/a Glaxo SmithKline Corporation [Glaxo SmithKline]. Also before the Court is the Plaintiff's motion for declassification [92-1] of a Glaxo SmithKline document and the motion filed by the law firm of Williams, Heidelberg, Steinberger and McElhaney to intervene [77-1] in this dispute for purposes of filing an attorney's lien against any monies received by the Plaintiff or, alternatively, to refer the fee dispute to chancery court for resolution [77-2]. After due consideration of the evidence of record, the briefs of the parties, and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows.

### Background

This products liability action arises from the suicide death of James Moffett on May 16, 2002, two months after he began taking Paxil, a prescription medication designed, manufactured and marketed by Glaxo SmithKline. (Ct. R., Doc. 1; Ct. R., Doc. 4, p. 3; Ct. R., Doc. 76, ¶ 1.)

Paxil is a selective serotonin reuptake inhibitor [SSRI] prescribed for the treatment of major depressive disorder, social anxiety disorder, obsessive compulsive disorder, panic disorder, generalized anxiety disorder and posttraumatic stress disorder. (Ct. R., Doc. 76, ¶ 2.) Moffett's widow, individually and on behalf of Moffett's estate and wrongful death beneficiaries, filed the instant suit on May 15, 2003, seeking to recover unspecified damages under theories of products liability, negligence, strict liability, breach of express and implied warranties, breach of contract, fraud, battery, and loss of consortium. (Ct. R., Doc. 1, pp. 5-8.) She alleges that Paxil causes suicides and specifically caused or contributed to her husband's suicide in May of 2002. (Ct. R., Doc. 1, p. 3.) She further alleges that Glaxo SmithKline has known since 1989 that Paxil causes suicide but has withheld the suicidal data from the public domain, instead marketing Paxil as a safe drug. (*Id.*) Finally, she claims that Glaxo SmithKline proximately caused her husband's death by failing to place an adequate warning on Paxil's label. (*Id.*, p. 5.) An adequate warning, the Plaintiff urges, would have caused Moffett's physician to prescribe a different course of treatment or would have alerted all persons involved of the risk of suicide associated with Paxil. (*Id.*)

Glaxo SmithKline now seeks summary judgment on all of the Plaintiff's claims arguing that she has failed to offer expert evidence concerning the issue of specific causation and, consequently, cannot establish an essential element of her claims. (Ct. R., Doc. 74.)

Standard of Review

Summary judgment, where appropriate, is designed "to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1, 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citation and internal quotation omitted). A district court may properly

2

grant a motion for summary judgment when, after viewing the facts in the light most favorable to the nonmoving party, "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Deas v. River West, L.P.*, 152 F.3d 471, 475 (5th Cir. 1998). Summary judgment must be entered against the non-moving party ". . . who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (quoting *Celotex*, 477 U.S. at 322-323). "Neither 'unsubstantiated assertions' nor 'conclus[ional] allegations' can satisfy the non-moving party's burden." *Lawrence v. University of Tex. Medical Branch at Galveston*, 163 F.3d 309, 312 (5th Cir. 1999) (citing *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)).

## Legal Analysis

In support of summary judgment, Glaxo SmithKline asserts that the Plaintiff has failed to adduce expert evidence to establish that Moffett's death was in any way related to his use of Paxil. (Ct. R., Doc. 75, p. 1.) The Defendant submits that, in order to carry her burden of proof on causation, the Plaintiff must establish both general and specific causation. (Ct. R., Doc. 75, p. 5.) In other words, the she must first demonstrate that Paxil is capable of causing the type of injury alleged and then establish that Paxil did in fact cause that injury. (*Id.*) According to Glaxo SmithKline, while the Plaintiff has offered expert reports on the issue of general causation, there is no evidence of specific causation, *i.e.* that Paxil caused Moffett to suffer suicidality, akathisia, or mania or caused him to commit suicide. (*Id.*, pp. 6-7.) The Plaintiff, however, asserts that a

3

material issue of fact exists concerning the relationship between Moffett's ingestion of Paxil and his death. (Ct. R., Doc. 78, p. 1.) Moreover, she argues, Glaxo SmithKline has offered no Mississippi authority which states that specific causation is an operative element of her claims. (*Id.*, p. 3.)

Sitting in diversity, the Court is bound to apply the substantive law of the forum state, Mississippi. *Blakely v. State Farm Mut. Auto. Ins. Co.,* 406 F.3d 747, 751 (5th Cir. 2005) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78-79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *American Nat'l Gen. Ins. Co. v. Ryan,* 274 F.3d 319, 328 (5th Cir. 2001)). It is true, as noted by the Plaintiff, that no Mississippi case approaches causation in terms of general and specific causation. It is elementary law, however, that the Plaintiff must demonstrate a causal link between Moffett's use of Paxil and his death. *See* MISS. CODE ANN. § 11-1-63 (requiring the products liability plaintiff to establish that the defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought); *Bennett v. Madakasira,* 821 So.2d 794, 807 (Miss. 2002) (requiring the plaintiff in a "failure to warn" prescription drug case based on negligence and strict liability to demonstrate, *inter alia*, that the injury would not have occurred had the drug not been administered); *Id.* at 808-809 (breach of implied warranty cannot be submitted to the jury absent proof of both a defect in the product and that the defect caused the injury). Whether the concept is described in terms of specific causation, actual causation, medical causation, cause in fact or proximate cause, the Plaintiff, in order to prevail on any of her claims, must show by a preponderance of the evidence that Paxil caused or contributed to Moffett's death. The question for the Court, therefore, is whether the Plaintiff has come forward

with sufficient evidence to enable reasonable jurors to conclude that Paxil, more likely than not, was the cause of Moffett's suicide.

Citing the expert report of Peter Breggin, M.D., the Plaintiff asserts that a material issue of fact exists concerning the relationship between Moffett's ingestion of Paxil and his death. (Ct. R., Doc. 78, pp. 2-3.) The relevant portions of Breggin's report are set forth below:

> The following opinions are rendered within a reasonable degree of medical certainty:
>
> First, the pharmaceutical company, Glaxo SmithKline has not properly warned professionals about the complete lack of efficacy of Paxil in regard to ameliorating suicidal feelings.
>
> Second, the manufacturer has not warned that SSRIs in general, including Paxil, can raise the rate of suicide in depressed patients.
>
> Third, the manufacturer has not warned that Paxil has a stimulant profile of effects, including agitation, insomnia, and weight loss that can worsen depression and suicide.
>
> Fourth, the manufacturer has not warned that Paxil can cause akathisia and thereby cause suicide.
>
> Fifth, the manufacturer has not warned that Paxil is particularly likely to cause suicide in patients like Mr. Moffett who are already suffering from an agitated depression, in this case a state of mixed depression, mood swings, agitation, and anger.
>
> Within a reasonable degree of medical certainty, Glaxo SmithKline was negligent in regard to withholding or misrepresenting the above information. Had Dr. Barrett known the above facts about Paxil, he would not have prescribed it to Mr. Moffett, and Mr. Moffett would be alive today.

According to the Plaintiff, it "could not be clearer that Dr. Breggin believes – and has testified – that Paxil caused the suicide . . ." (Ct. R., Doc. 78, p. 2.)

Glaxo SmithKline, however, argues that Breggin's report, more particularly the sentence wherein he states that Moffett would be alive today had Barrett not prescribed him Paxil, does

5

not constitute a detailed and complete expert report as required by Rule 26(a)(2)(B). (Ct. R., Doc. 80, p. 2.) Having reviewed Breggin's submissions, the Court agrees that his report does not conform to the requirements of Rule 26. Expert reports filed pursuant to Rule 26 should contain:

> ... a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

FED. R. CIV. P. 26 (a0(2)(B). Breggin's report clearly fails to set forth the basis and reasons for his opinions, as well as the information he considered in forming them. This lack of information renders it impossible to determine whether his opinions constitute reliable expert testimony under the standards outlined in *Daubert v. Merrell Dow Paharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed. 469 (1993). The Court also notes that, despite Glaxo SmithKline's challenge to the sufficiency of Breggin's report, the Plaintiff has made no move to supplement.

Even ignoring the inadequacy of his report, however, Breggin's opinions fail to create a causation issue for the jury. Breggin opines that: (1) SSRIs can raise the rate of suicide in depressed patients; (2) that Paxil has a stimulant profile of effects including agitation, insomnia, and weight loss that can worsen depression and suicide, (3) that Paxil can cause akathisia and thereby cause suicide; (4) that Paxil is particularly likely to cause suicide in patients like Moffett who are suffering from an agitated depression; and (5) that Dr. Barrett would not have prescribed Paxil to Moffett had he known these facts. These assertions, when viewed in the light most favorable to the Plaintiff, are merely evidence that Paxil *can* cause suicide. Breggin stops short

of asserting that Paxil was, in fact, the cause of Moffett's suicide, and any finding to that effect would amount to nothing more than speculation and conjecture.

Breggin's opinions permit a finding that Paxil was *possibly* the cause of Moffett's suicide. To carry her burden of proof, however, the Plaintiff must introduce evidence which affords a reasonable basis for concluding that Paxil *more likely than not* was the cause of Moffett's suicide. A "mere possibility" of causation is simply insufficient. *See Burnham v. Tabb*, 508 So.2d 1072, 1074 (Miss. 1987) (citing W. Keeton, *Prosser & Keeton on Torts*, § 41 (5th ed. 1984); *Tombigbee Electric Power v. Gandy*, 62 So.2d 567 (Miss. 1953)). While the Court is mindful that some degree of speculation is necessary in cases which turn on medical causation, the Mississippi Supreme court has insisted, "that proof of causation remain within the realm of the reasonably probable," rather than "the merely speculatively possible." *Harris v. Shields* 568 So.2d 269, 273 (Miss. 1990) (discussing causation in fact in the context of medical malpractice) (citing *Burnham*, 508 So.2d at 1074; *Pittman v. Hodges*, 462 So.2d 330, 334-335 (Miss. 1984). For the foregoing reasons, the Court finds that the Plaintiff has failed to adduce sufficient evidence to create jury question on the issue of causation in fact.

The Plaintiff places much emphasis on the testimony of Moffett's treating physician, Harris G. Barrett, M.D., that he would not have prescribed Paxil to Moffett had he received stronger warnings concerning the alleged association between Paxil and suicide.[1] (Ct. R., Doc. 78, p. 4.) This argument misses the mark, however. While the Plaintiff, to prevail on her failure to warn claim, must demonstrate that an adequate warning would have prevented Barrett from

---

[1] During his deposition, Barrett was read a variety of theoretical warnings concerning the alleged association between Paxil and suicide. (Ct. R., Doc. 78, Exh. B, pp. 72-78.) When asked whether he would have prescribed Paxil to Moffett if the drug had been accompanied by these warnings, Barrett indicated that he would not. (*Id.*)

7

prescribing Paxil to Moffett, see *Bennett v. Madakasira*, 821 So.2d at 807, she must still demonstrate by a preponderance of the evidence that Paxil was the cause of Moffett's suicide. Having failed to establish such causation, the Court finds that Glaxo SmithKline is entitled to summary judgment.

## Conclusion

The Court finds that the Plaintiff has failed to offer sufficient evidence to permit a reasonable jury to find that Paxil more likely than not caused her husband's suicide. Consequently, the Court finds that Glaxo SmithKline is entitled to judgment as a matter of law on the Plaintiff's claims. Further, having reviewed the remaining pending motions and finding that they do not alter or affect the summary judgment determination, the Court finds that these motions [74-2, 77-1, 77-2 & 92-1] should be denied as moot.

A separate Final Judgment in accordance with this Memorandum Opinion shall issue this date.

THIS the 9th day of June, 2005.

/s/   *Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE